UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Holloway, # 277261, | ) C/A No.  5:13-1473-MGL-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )                    ORDER |
| | ) |
| South Carolina Department of Corrections; | ) |
| F.S.S. Butler; | ) |
| Wayne McCabe, and | ) |
| Joseph McFadden, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This action, filed by Plaintiff pro se, was originally filed in the South Carolina Court of Commons Pleas in Florence County. The case number in state court is 2013-CP-21-960.

Defendant South Carolina Department of Corrections ("SCDC") removed this case to this federal court, asserting that this court should exercise its federal question jurisdiction over this case because Plaintiff is alleging violations of his federal constitutional rights under the First and Eighth Amendments to the United States Constitution "and claims specifically governed by the Prison Litigation Reform Act." ECF No. 1, Notice of Removal 2. Notably, SCDC does not say that the claims are *exclusively* governed by the Prison Litigation Reform Act.

Review of Plaintiff's state court Complaint, however, reveals no specific reference to any federal constitutional violation within the body of the pleading.  Instead, Plaintiff specifically states in his state court complaint that the Florence County Court of Common Pleas "has jurisdiction over this matter in accordance with S.C. Code of Law §§ 15-78-10 . . . pursuant to the S.C. Tort Claims Act." Compl. 1, ¶ C; ECF No. 1-1 at 4. He also states that his "legal claims" are for violations of duties of care owed under the "S.C. Constitution Article 12 section 2, title 24-1-130 . . ." and specifically states that "this Tort is being brought under § 15-78-10." Compl. 5, ¶ B; ECF No. 1-1 at 8. The United States Constitution and its amendments are never specifically referenced or cited to anywhere within the body of the Complaint, although there are some references to the federal constitution in several  exhibits to the Complaint. *See, e.g.,* Compl., exhs. A, F, G, H; ECF No. 1-1 at 11, 15, 17, 18.  Each of these exhibits are copies of Requests to Staff  from Plaintiff and were not written contemporaneously with the state court Complaint.

When considering whether removal is proper, it is settled federal law that the plaintiff is the master of his complaint, *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005); *see also Negron-Fuentes v. UPS Supply Chain Solutions*, 532 F.3d 1, 6 (1st  Cir. 2008). Removal statutes are strictly construed against removal, and any doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).  Further, courts must narrowly interpret removal jurisdiction because of the significant federalism concerns that are raised by removing proceedings from state court. *Marler v. Amoco Oil Co.*, 793 F. Supp. 656, 658-59 (E.D.N.C. 1992).  Thus, all doubts are resolved in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S.

100, 108-09 (1941); *see also Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994); *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases).

Accordingly, based on the foregoing, **Plaintiff shall advise the court, in writing**, **no later than June 17, 2013**, whether he is pursuing any claims for violations of his federal constitutional rights pursuant to 42 U.S.C. § 1983 in this action,[1] if he is instead *only* pursuing claims under the South Carolina Tort Claims Act and the South Carolina Constitution, or whether he is pursuing claims under *both* South Carolina and federal law.

If Plaintiff advises the court that he is only pursuing claims under the South Carolina Tort Claims Act and South Carolina Constitution, the undersigned will recommend to the United States District Judge that this case be remanded to state court.

If Plaintiff advises the court that he is only pursuing his claims under 42 U.S.C. § 1983 for violations of federal constitutional rights or is pursuing both state and federal claims, this case will progress in this court in the usual manner.

IT IS SO ORDERED.

June 3, 2013                                        Kaymani D. West
Florence, South Carolina                    United States Magistrate Judge

---

[1]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added).