UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Holloway, # 277261, | ) C/A No.  5:13-1473-MGL-KDW |
| | ) |
| Plaintiff, | ) (State Court No.: 2013-CP-21-960) |
| | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| South Carolina Department of Corrections; | ) |
| F.S.S. Butler; | ) |
| Wayne McCabe, and | ) |
| Joseph McFadden, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff initially filed this case in the Court of Common Pleas in Florence County, South Carolina. This case is before the court for consideration of the propriety of the Notice of Removal submitted  by the state court Defendants, ECF No. 1, and Plaintiff's Motion for Remand, ECF No. 17.  Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in this pro se case and to submit findings and recommendations to the district judge.[1]

---

[1] The Fourth Circuit has not directly addressed the question of whether consideration of remand is a nondispositive pretrial matter within the scope of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand (as opposed to issuing a report and recommendation for the district court's review)"). At least one published opinion in this district has addressed this issue and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992) ("[A] remand order is the equivalent of a dismissal. The Magistrate's Order thus sought to effect an 'involuntary dismissal' of the action.") (quoting *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 152 (D.N.J. 1990)); *see also Mortgage Elec. Registration Sys., Inc. v. Hunt*, 6:07-1763-HMH, 2007 WL 2220403, *3 (D.S.C. July 30, 2007) (unpublished opinion collecting cases and finding report and recommendation appropriate when considering remand). Accordingly, out of an abundance of caution, the undersigned enters this Report and Recommendation for the consideration of the district judge.

During its initial review, the court compared the state-court pleadings that Plaintiff filed pro se with Defendants' Notice of Removal and the allegations of federal question jurisdiction therein. *See* ECF Nos. 1, 1-1. The court determined that, on their face, Plaintiff's allegations were ambiguous regarding whether Plaintiff intended to raise any federal-law-based claims or whether the allegations raised only claims governed by South Carolina state law. Thus, Plaintiff was instructed to advise the court whether he intended to raise any federal claims pursuant to 42 U.S.C. § 1983 or any other federal law, or whether he intended only to pursue state-law-based claims in this case. Initial Order, ECF No. 10.

Still proceeding pro se, Plaintiff timely responded to the Initial Order, affirming that it was his intent to pursue "state tort claims only." June 17, 2013 Ltr. from Pl., ECF No. 16. Contemporaneously with his Response to the Initial Order, Plaintiff filed a Motion to Remand. ECF No. 17. Defendants' response was due July 8, 2013. To date, Defendants have not filed a response to Plaintiff's Motion, nor have they communicated with the court indicating their intent to file any response.

Following review of the contents of the state court Complaint, and in light of Plaintiff's clearly expressed intention to pursue only state-law-based claims in the litigation he filed in state court, the undersigned is of the opinion that Plaintiff's Motion to Remand should be granted. The attempted removal of this case by Defendants is not proper in light of the contents of the state court pleadings and Plaintiff's submissions to this court.

## **DISCUSSION**

The removing party bears the burden of establishing federal jurisdiction. *See Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 297-98 (4th Cir. 2008). A defendant may remove a case only if

the claim could have been brought in federal court on the basis of federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441(b); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Generally, a case can be originally filed in a federal district court if there is diversity of citizenship and a certain amount is in controversy under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. As the Fourth Circuit Court of Appeals has explained, "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) (internal quotation and citation omitted). In light of the foregoing authority, Defendants bear a heavy burden of proving that this case falls within the court's removal jurisdiction. The Supreme Court has commanded that when considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (internal quotation and citations omitted).

Applicable case law and statutory law, including 28 U.S.C. § 1447(c), provides that subject-matter jurisdiction cannot be conferred by estoppel, waiver, or consent. *See Buchner v. FDIC*, 981 F.2d 816, 818 (5th Cir. 1993) ("Although parties may waive their rights to remove a case or to contest the removal procedure, they may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver."). As a result, a federal district court should remand the case to state court if the face of the initial pleadings makes it clear the court lacks subject-matter-jurisdiction. *See* 28 § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see Ellenburg v. Spartan Motor Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) (noting the court's remand order for lack of subject-matter-jurisdiction can be entered at any time).

As stated in the Initial Order in this case:

> [ I]t is settled federal law in the removal area that the plaintiff is the master of his complaint, *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005); *see also Negron-Fuentes v. UPS Supply Chain Solutions*, 532 F.3d 1, 6 (1st Cir. 2008), and that removal statutes are to be construed *against* removal jurisdiction, and in favor of remand. *See*, *e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D. Va. 1990).

ECF No. 10.

In their Notice of Removal, Defendants aver federal question jurisdiction exists because Plaintiff "has alleged violations of his First and Eighth Amendment Rights" and "claims specifically governed by the Prison Litigation Reform Act." Not. of Removal 2, ECF No. 1. The mere fact Plaintiff's claims arise in a prison setting do not confer jurisdiction exclusively in this court. Plaintiff does not reference or cite to the United States Constitution and its amendments within the body of the Complaint, although there are some references to the federal constitution in several exhibits to the Complaint. *See, e.g.,* Compl., exs. A, F, G, H; ECF No. 1-1 at 11, 15, 17, 18. Each of these exhibits are copies of Requests to Staff from Plaintiff and were not written contemporaneously with the state court Complaint. A pro se litigant's use of passing references to certain federal constitutional provisions or of words commonly associated with certain federal claims does not automatically mean that federal claims are intended when other aspects of a state court pleading implicate only state court claims. *See generally Addison v. Charleston Cnt'y Pub. Defenders*, No. 4:11-2936-CMC-JDA,  2011 WL 6937608, *2 (D.S.C. Dec. 08, 2011) (citing *McBrearty v. Ky. Comty., Tech. College Sys.*, No. CIV. A. 06–CV–197KSF, 2006 WL 2583375, *6 (E.D. Ky. Sept.7, 2006) ("Where a plaintiff chooses to assert only state law claims, re-characterizing it as a federal claim is generally prohibited" )).  Here, Plaintiff has expressed unequivocally his intent to pursue

only state-law claims in his Complaint. Remand is appropriate.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's Motion to Remand, ECF No. 17, be *granted* and this matter be remanded to the Court of Common Pleas for Florence County without prejudice to Defendants' rights to file responses to any of Plaintiff's filings in the state court.

As this is a recommendation, the Office of the Clerk of Court shall not immediately certify this Order to the Court of Common Pleas for Florence County. If both parties in this case fail to file written objections to this Report and Recommendation within 14 days after this document is filed, or, if either party files written objections to this Report and Recommendation within 14 days after this document is filed, the Office of the Clerk of Court, at the end of the fourteen-day period, shall forward the case file and any objections to a United States District Judge for a final disposition.

IT IS SO RECOMMENDED.

July 26, 2013                                                          Kaymani D. West
Florence, South Carolina                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).